UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRYAN A. OGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:16-cv-00083-LJM-DKL |
| | ) |
| RICHARD BROWN, | ) |
| KAREN RICHARDS, | ) |
| SUE WOODS, | ) |
| | ) |
| Defendants. | ) |

**Entry Denying Motion to Alter or Amend the Judgment**

The Court entered Final Judgment in this action on September 30, 2016, after granting the defendants' motion to dismiss pursuant to Rule 12(b)(6). Presently before the Court is the plaintiff's motion to correct error in which he asks the Court to reconsider that decision. Given its substance, this motion shall be treated as a Rule 59(e) motion. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) ("[W]hether a motion . . . should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it.").

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief through a Rule 59(e) motion for reconsideration

is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

The plaintiff argues that the Court made several errors of law or fact in granting the defendants' motion to dismiss. First, he argues that the Court erred in holding that he did not need to file a notice of tort claim with the State of Indiana in order to exhaust his administrative remedies under the PLRA before filing his § 1983 suit in federal court regarding his deficient medical care. But as the Court explained in its Entry, the PLRA requires prisoners to "comply with the specific procedures and deadlines established by *the prison's policy*." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (emphasis added). The Indiana Tort Claims Act is not a prison policy, and indeed only applies to "a claim or suit in tort," Indiana Code § 34-13-3-1(a), which a §1983 claim is not. *Cf. Cantroll v. Morris*, 849 N.E.2d 488, 506 (Ind. 2006) ("[T]he [Indiana Tort Claims Act] does not apply to claims based on 42 U.S.C. § 1983."). Therefore, in order to exhaust one's administrative remedies under the PLRA prior to bringing a § 1983 suit in federal court, a prisoner such as the plaintiff does not need to file a notice of tort claim under the Indiana Tort Claims Act.

The plaintiff resists this conclusion on the ground that he could not receive monetary relief through the grievance process and can instead only obtain monetary relief by filing a tort claim, making the tort claim process necessary for exhaustion under the PLRA. Again, the plaintiff misunderstands the law. An Indiana tort claim is separate and distinct from the grievance policy. A tort claim is not required before filing a § 1983 action, but under the PLRA, complying with the prison's grievance policy is. Even if the grievance policy does not permit monetary relief and a prisoner wants monetary relief in his § 1983 action, he still must file the required grievances regarding the underlying factual issues. *See White v. Bukowski*, 800 F.3d 392, 395 (7th Cir. 2015) (noting that the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001), held that exhaustion

was required "even if the prison's grievance system provided no damages remedy" as long as any action can be taken in response to the grievance). This makes sense given that one of the purposes of the exhaustion requirement is to "[allow prisons] to address complaints about the program it administers before being subjected to suit." *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (citations and quotation marks omitted). In short, the exhaustion requirement is about the underlying facts and the prison's ability to response to them, not the specific relief sought by the plaintiff. Simply because a plaintiff wants monetary relief that cannot be awarded through grievance process does not mean that the process is not the one that must be followed to exhaust under the PLRA.

Second, the plaintiff presents a new argument regarding his need for filing a tort claim: he needed to utilize the tort claim process to obtain relevant evidence that would allow him to adequately plead his § 1983 claim, but can longer do so because his tort claim is untimely. The plaintiff's asserted right, however, "is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus simply alleging that he was denied the ability to timely file a tort claim—the process of which he wanted to use to gain more information to file his § 1983 claim—does not establish that he was denied access to *the courts*. The plaintiff's ability to continue filing documents in this case shows he has the capacity to make filings with this Court, and the plaintiff himself acknowledges that his statute of limitations has not run on his § 1983 claim regarding deficient medical care. The plaintiff can therefore file this case immediately, and he does not need the Indiana tort claims process to do so. To the extent the plaintiff is unaware of certain defendants'

identities or other pertinent factual information, he can use the discovery processes in that case, *once it is filed*, to discover that information.

Third, the plaintiff asserts that the Court denied his request for injunctive relief—i.e., guaranteed access to the law library, the ability to be personally present when documents are filed using the e-filing system, and a receipt of proof of submitting documents for filing—without explanation. But to be entitled to any injunctive relief, the plaintiff must have a viable claim. For the reasons explained in the Court's previous Entry and herein, he has not adequately plead any viable claim.

Fourth, the plaintiff contends that he could file an amended complaint that sufficiently alleges he was injured by his inability to timely file an Indiana tort claim by adding allegations regarding his need to utilize the tort claim process to discover information regarding his § 1983 claim. For the reasons explained above, any such additional allegations would fail to state an access-to-courts claim and thus the amendment to the Complaint would be futile.

In sum, the plaintiff has failed to establish that the Court committed a manifest error of law or fact in dismissing his Complaint. His motion to correct error [dkt. 25] is therefore **denied**.

**IT IS SO ORDERED.**

Date:   10/24/2016

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRYAN A. OGLE
156782
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronically Registered Counsel